UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM ELIAS MORALES, | No. 2:13-cv-00414 DAD P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF'S DEP'T, et al., | |
| Defendants. | |

Plaintiff, a former county jail inmate[1] who is proceeding pro se, filed this action while incarcerated at the Sacramento County Main Jail. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 5.)

**I. In Forma Pauperis Applications**

Plaintiff has submitted declarations that make the showing required by 28 U.S.C. § 1915(a). (See ECF Nos. 9 & 10.) Accordingly, his requests to proceed in forma pauperis will be

---
[1] Approximately a month after plaintiff filed his complaint in this action, he filed a notice of change of address indicating that he was no longer in custody. (See ECF No. 6.)

1

1  granted.  Under the circumstances, the court will not order the payment of the statutory filing fee
2  under 28 U.S.C. § 28 U.S.C. § 1915(b).

3  **II. Screening Requirement**

4  The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15  Cir. 1989); Franklin, 745 F.2d at 1227.

16  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
17  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
18  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
19  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
20  However, in order to survive dismissal for failure to state a claim a complaint must contain more
21  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
22  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
23  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
24  allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740
25  (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and
26  resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

27  Here, in his complaint plaintiff alleges that he was subjected to the excessive use of force
28  by the booking officer and other officers at the Sacramento County Jail, as well as, by sheriff

deputies prior to his arrest. (ECF No. 1 at 3.) Plaintiff also alleges that he slipped and fell while being held at the Sacramento County Jail because the clothing he was issued was too big.[2] (Id. at 4.) In terms of relief, plaintiff seeks $350,000 in damages and that his five year term of probation, presumably imposed by the state court in the criminal case stemming from his arrest, be "drop[ped]." (Id. at 3.)

**III. Analysis**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Here, plaintiff names the Sacramento County Sheriff's Department and four specific officers as the defendants in this action. However, in his very brief complaint plaintiff has failed to set forth any factual allegations with respect to the alleged actions taken by any one of the named defendant officers. Rather, he alleges only that on April 6, 2010, "a booking officer" choked and hit him, "more than five more deputies" then hit him, jumped on his back and twisted his legs while shouting obscenities and, finally, one of the officers threatened to kill him. (Doc. No. 1 at 3.)[3] Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), his complaint must be dismissed. The court will, however, grant plaintiff leave to file an amended complaint to attempt to cure these deficiencies.

---

[2] Plaintiff is cautioned that in the event he is seeking to challenge the conditions of his confinement, an official's alleged negligent action is not sufficient to state a cognizable claim.

[3] Plaintiff also appears to allege that at the time of his arrest, prior to arriving at the jail, two unidentified deputies grabbed and choked him will threatening to kill him. (ECF No. 1 at 4.) If plaintiff is alleging that he was subjected to excessive use of force on two occasions by different law enforcement officers, one involving arresting officers and the other involving deputies at the county jail, he is advised that he must pursue each such alleged excessive use of force in separate civil actions filed with this court unless there is a clear link between the two alleged uses of excessive force.

3

In any amended complaint he may elect to file, plaintiff must allege facts demonstrating how the conditions he complains of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Any amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each named defendant must be specifically and sufficiently alleged.

**A. Legal Standards Governing Excessive Use of Force Claims**

Whether a claim of the excessive use of force by law enforcement officers is brought pursuant to the Eighth Amendment, Fourteenth Amendment or Fourth Amendment depends on plaintiff's status at the time of the alleged use of excessive force.[4] In any amended complaint he elects to file plaintiff is advised to allege facts clarifying his status at the time of the alleged use of

/////

---

[4] If plaintiff had been arraigned or was in custody following a conviction when he was subjected to excessive force, his civil rights action would be based on the Fourteenth and Eighth Amendments. The legal standards, however, are the same under both constitutional amendments. See Young v. Wolfe, 478 Fed. Appx. 354, 356 (9th Cir. 2012) ("A pretrial post-arraignment detainee's rights under the Fourteenth Amendment are comparable to a prisoner's rights under the Eighth Amendment, Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998), so, post-arraignment, the Eighth Amendment "malicious and sadistic" standard applies.")

excessive force by the named defendants and to provide factual allegations with respect to his specific claims.

Under the Eighth Amendment, the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. See Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to state a cognizable claim for cruel and unusual punishment, plaintiff must allege facts that if true would satisfy a two-part test containing an objective prong and a subjective prong. First, plaintiff must allege facts showing that, objectively, he suffered a sufficiently serious deprivation. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, plaintiff must allege facts satisfying a subjective inquiry into whether each law enforcement or jail official named had a culpable state of mind in causing or allowing plaintiff's deprivation to occur. See id. at 299. In this regard, mere negligence by a defendant is insufficient to state such a claim. See id. "[W]henever prison officials stand accused of using excessive physical force . . . , the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7. See also Whitley, 475 U.S. at 320-22.

If the alleged excessive use of force was applied during an arrest or before plaintiff's arraignment on criminal charges, the Fourth Amendment standard applies. Gibson v. County of Washoe, 290 F.3d 1175, 1197 (9th Cir. 2002) ("Although the Supreme Court has not expressly decided whether the Fourth Amendment's prohibition on unreasonable searches and seizures continues to protect individuals during pretrial detention, we have determined that the Fourth Amendment sets the applicable constitutional limitations for considering claims of excessive force during pretrial detention." (citation and internal quotation marks omitted). Under the Fourth Amendment, an objective reasonableness standard governs. See Pierce v. Multnomah County, Or., 76 F.3d 1032, 1043 (9th Cir. 1996); Lolli v. County of Orange, 351 F.3d 410, 415-17 (9th Cir. 2003); Gibson, 290 F.3d at 1197. Under this objective reasonableness standard, the court balances "'the nature and quality of the intrusion of the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." Graham v. Conner, 490

1 U.S. 386, 396 (1989). The following factors have been identified as relevant when evaluating the
2 need for force by law enforcement officers: (1) the severity of the crime; (2) whether the suspect
3 poses an immediate threat to the safety of the officers or others; and (3) whether the suspect is
4 resisting arrest or trying to evade arrest by flight. Id. at 396-97.

### B. Request for Termination of Probation as Part of Relief Sought

As noted above, part of the relief plaintiff seeks in his complaint is that the five year term of probation he was presumably sentenced to following these alleged incident be "dropped." In short, plaintiff in this respect seeks to overturn the sentence imposed in his criminal case. Plaintiff is advised that such relief is not appropriate in a civil rights action. When a prisoner challenges the fact or duration of his custody and a determination of his action may result in plaintiff's entitlement to an earlier release, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990). Thus, in any amended complaint he elects to file in this civil rights action, plaintiff should not include a request for the termination of his term of probation in his prayer for relief.

### IV. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's April 17, 2013 and September 2, 2013 applications to proceed in forma pauperis (ECF Nos. 9 &10) are granted.

2. Plaintiff's complaint is dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided with this order and answer each question; failure to file an amended complaint in accordance with this order will result in the dismissal of this action without prejudice.

/////

/////

4. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

Dated: October 23, 2013

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mora414.14